1  James R. Mayock, Esquire
2  220 Sansome Street, N.W., 12th Floor
3  San Francisco, CA 94104
4  Phone: (415) 765-5111
5  Fax: (415) 765-5122
6  Attorney I.D. No. CA84658
7  jmayock@emvisa.com
8  Attorney for: Sumit SEN and Maria Cristina DURAN - Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE CALIFORNIA NORTHERN DISTRICT

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| SUMIT SEN and<br>MARIA CRISTINA DURAN,<br>64 Oak Knoll Loop<br>Walnut Creek, CA, 94596<br>    Plaintiffs,<br>vs.<br>GERARD HEINAUER, Director,<br>Nebraska Service Center<br>U.S. Department of Homeland Security,<br>U.S. Citizenship & Immigration<br>Services, in his official capacity,<br>as well as his successors and assigns,<br>Nebraska Service Center<br>850 S Street<br>Lincoln, NE 68508 | Civil Action No.:<br><br>**PLAINTIFF'S ORIGINAL WRIT OF**<br>**MANDAMUS UNDER 28 U.S.C §1361**<br><br>Administrative procedures Act Case. |

Complaint - 1

| | |
|---|---|
| EMILIO GONZÁLEZ, | ) |
| Director, U.S. Citizenship & | ) |
| Immigration Services, in his | ) |
| official capacity, as well as his | ) |
| successors and assigns, | ) |
| 20 Massachuseetts Ave., N.W | ) |
| Washington, DC  20529 | ) |
| | ) |
| ROBERT S. MUELLER, III, Director, | ) |
| Federal Bureau of Investigation, | ) |
| in his official capacity, | ) |
| as well as his successors and assigns, | ) |
| J. Edgar Hoover Building | ) |
| 935 Pennsylvania Avenue, N.W. | ) |
| Washington, DC 20535-0001 | ) |
| | ) |
| MICHEAL CHERTOFF, as | ) |
| Secretary of the Department of Homeland | ) |
| Security; in his official capacity, | ) |
| as well as his successors and assigns, | ) |
| U.S. Department of Homeland Security | ) |
| Washington, DC 20528 | ) |
| | ) |
| MICHEAL OWENS | ) |
| Section Chief | ) |
| National Name Check Program Section | ) |
| in his official capacity, | ) |
| as well as his successors and assigns, | ) |

Complaint - 2

| | |
|---|---|
| Records Management Division | ) |
| Federal Bureau of Investigation | ) |
| Washington, DC 20528 | ) |
| | ) |
| Defendants. | ) |
| ──────────── | ) |

# I. INTRODUCTION

1.  This is a civil action brought to compel Defendants and those acting under the Defendants' direction to adjudicate the Applications for Adjustments of Status filed pursuant to §245 of the Immigration and Nationality Act, 8 U.S.C. §1255, by Plaintiffs on March 27, 2003.

# II. JURISDICTION

2.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1361 and §1331 (2007). This action is filed in response to unreasonable agency delay and failure to act on Plaintiffs' adjustment of status applications in violation of the Administrative Procedure Act ("APA") under 5 U.S.C.A. §702 (2007), as well as the failure to perform the mandatory duty to adjudicate the applications. Venue is properly with this Court because the Plaintiffs are residents of Walnut Creek, CA. Therefore, venue is proper under 28 U.S.C. §1391(e)(1) (2007).

# III. INTRADISTRICT ASSIGMENT

Complaint - 3

3. Assignment to the San Francisco/Oakland Division of this Court is proper because the Plaintiffs, Sumit Sen and Maria Cristina Duran, reside in Contra Costa County, California, where a substantial part of the action giving rise to their claim occurred.

### III. BACKGROUND

4. The Plaintiffs, Sumit Sen and Maria Cristina Duran, are adult individuals who are nationals of India and the Philippines, respectively, and reside lawfully in the United States. Both individuals reside at 64 Oak Knoll Loop, Walnut Creek, CA, 94596.

5. Gerard Heinauer is the District Director of the Nebraska Service Center of the U.S. Citizenship and Immigration Service (USCIS) who is sued only his official capacity, as well as his successors and assigns. **Plaintiffs have filed their applications for adjustment of status with that office and the office retains jurisdiction over the applications.** The USCIS, through the Nebraska Service Center, has a mandatory duty to act on the applications for adjustment of status within a reasonable period of time.

6. Emilio Gonzalez is the Director of the U.S. Citizenship and Immigration Services (USCIS) who is also sued only his official capacity, as well as his successors and assigns. The USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, DC 20529. The USCIS is assigned the adjudication of immigrant visa petitions as well as applications for permanent residence status under §245 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1255 (2007).

7. Robert S. Mueller, III, is the Director of the Federal Bureau of Investigation (FBI) who is also sued only his official capacity, as well as his successors and assigns, whose

duties include ensuring timely completion of all requests made by the USCIS for security clearances. The FBI is headquartered at the J. Edgar Hoover Building, 935 Pennsylvania Avenue, NW, Washington, DC 20535-0001.

8. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS), and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act (the Act), and is further authorized to delegate such powers and authority to subordinate employees of the DHS. 8 USC § 1103(a). More specifically, the Secretary of the Department of Homeland Security is responsible for the adjudication of petitions and applications for immigrant and nonimmigrant visa classifications filed pursuant to the Act. The U.S. Citizenship & Immigration Services is an agency within the DHS to whom the Secretary of the DHS's authority has in part been delegated, and is subject to the Secretary of the DHS's supervision.

9. Defendant Michael Owens is the Section chief of the National Name Check Program Section, and this action is brought against him in his official capacity, as well as his successors and assigns, whose duties include ensuring timely completion of all requests made by the USCIS for security clearances. The FBI is headquartered at the J. Edgar Hoover Building, 935 Pennsylvania Avenue, NW, Washington, DC 20535-0001.

10. On March 27, 2003, Plaintiffs filed Applications for Adjustment of Status pursuant to §245 of the INA, 8 U.S.C. §1255, to obtain lawful permanent residence

status. They were at that time in lawful immigration status, both holding H-1B visa status. See §101(a)(15)(H), 8 U.S.C. §1101(a)(15)(H), as well 8 C.F.R. §214.2(h) (2007). They were and remain fully eligible for adjustments of status to permanent residence.

11. The adjudication procedure involves the applicants' submission of the Applications for Adjustment of Status and supporting documentation. At the time of the filing of the applications by the Plaintiffs, the applications were properly filed with the Nebraska Service Center. It is the duty of the Nebraska Service Center to timely adjudicate the applications.

12. Plaintiffs are eligible for adjustment of status. Plaintiff Sumit Sen is the principal beneficiary of an Immigrant Petition for Alien Worker approved on April 10, 2002, pursuant to 8 U.S.C. § 1153(b)(2) (2007). Plaintiff Maria Cristina Duran is eligible for adjustment of status as the dependent spouse of Plaintiff Sumit Sen. 8 U.S.C. 1153(d) (2007).

13. On May 6, 2005, Plaintiffs filed Applications for USCIS Travel Document requesting Form I-512 Advance Parole travel documents be issued to them pursuant to 8 C.F.R. § 212.5(f) and §212(d)(5)(A) of the INA, 8 U.S.C. §1182(d)(5)(A) (2007). They were at that time and remain fully eligible for advance parole to travel to the United States without a visa pursuant to 8 C.F.R. § 245.2(a)(4) (2007).

14. The adjudication procedure involves the applicants' submission of the Applications for USCIS Travel Document and supporting documentation. At the time of the filing of the applications by the Plaintiffs, the applications were properly filed with

the Nebraska Service Center. It is the duty of the Nebraska Service Center to timely adjudicate the applications.

15. The Plaintiffs have complied with all requests made by the USCIS to complete all of the necessary biometrics appointments required by the USCIS. They have provided all of the information and documentation requested by the agency and complied with all appointment notices.

16. The Plaintiffs, through Counsel, have made repeated inquiries regarding the status of the Applications for Adjustment of Status and Applications for Advance Parole. The Plaintiffs were advised in writing on August 17, 2005, that USCIS had updated their address although no information regarding an address change had been submitted by the Plaintiffs. Instead inquiries had been made regarding their overdue Applications for Adjustment of Status. The Plaintiffs were then advised in writing on September 22, 2005, that the adjudications of their Applications for Advance Parole had been delayed because of the absence of the required security clearances. The Plaintiffs were further advised on March 24 and July 27, 2006, that their Applications for Adjustment of Status and Applications for Advance Parole were awaiting the clearance of a security review. The Plaintiffs, through Counsel, confirmed via the USCIS Online Case Status System on June 22, 2007, that all of their Applications for Adjustment of Status and Applications for Advance Parole remain pending with the service.

17. It is the stated goal of the USCIS to complete all adjudications within six months of filing of an application. Further, the Nebraska Service Center's current listed processing times are approximately nine months for employment-based adjustment of

status applications, and three months for applications for Advance Parole. The Plaintiffs' applications have been pending for four years and two years, respectively.

## IV. STATUTORY AND REGULATORY FRAMEWORK

18. The APA provides a remedy to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1) (2007).

19. Mandamus is a remedy available for extreme agency delay where the agency has not performed a mandatory action. 28 U.S.C. §1361 (2007).

## V. CLAIM FOR RELIEF

20. Defendants have unreasonably delayed and failed to perform a mandatory action in adjudicating the applications for adjustment of status filed over four years ago, thereby depriving the Plaintiffs of their right to lawful permanent resident status and benefits conferred therefrom, including accrual of time required to apply for U.S. citizenship.

21. Defendants have further unreasonably delayed and failed to perform a mandatory action in adjudicating the applications for advance parole filed over two years ago, thereby depriving the Plaintiffs of their right to travel abroad and return to the U.S. without visas to await adjudication of their applications for adjustment of status. Pursuant to USCIS policy announced in an official memorandum issued on May 11, 2007, by Michael Aytes, Associate Director, Domestic Operations, ancillary applications such as the Plaintiffs' applications for advance parole "shall be suspended for **no more than 60 days**" in cases involving national security-related background checks. (emphasis

added). See USCIS Interoffice Memorandum HQOFO 70/1-P, *Processing of Applications for Ancillary Benefits Involving Aliens Who Pose National Security or Egregious Public Safety Concerns*, Michael Aytes, Associate Director, Domestic Operations (May 11, 2007).

22. Defendants owe Plaintiffs the duty to act upon their applications for adjustment of status and advance parole and have unreasonably failed to perform that duty.

23. Plaintiffs have exhausted any administrative remedies that may exist. No other remedy exists for Plaintiffs to resolve Defendants' delay.

WHEREFORE, Plaintiffs prays that the Court:

(1) Compel Defendants and those acting under them to perform their duty to adjudicate the applications for adjustment of status owed to Plaintiffs;

(2) Compel Defendants and those acting under them to perform their duty to adjudicate the applications for advance parole owed to Plaintiffs;

(3) Grant such other and further relief as this Court deems proper under the circumstances; and

(4) Grant attorney's fees and costs of court.

Dated this ✓ day of AUG, 2007.

James R. Mayock, Esquire
Attorney I.D. No. CA84658
Elliot & Mayock LLP
220 Sansome Street, N.W., 12th Floor
San Francisco, CA 94104
(415) 765-5111
Attorney for Plaintiff

## LIST OF ATTACHMENTS

1. I 140 Approval Notice

2. I 485 Receipt Notices

3. Communication with USCIS and other agencies regarding the pending I 485 Application.